# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA
CRIMINAL DIVISION**
VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

CR 08 0845

PATRICIA MORGEN and MICHAEL WARE

RMW   HRL

CRB

DEFENDANT.

---

# INDICTMENT

(a) 18 USC 1341 – mail fraud (Counts 1-6, 8, 9)
(b) 18 USC 1343 – wire fraud (Counts 7, 10, 11)
(c) 18 USC 1957 – engaging in monetary transactions
in criminally derived property (Count 12)

INDICT

A true bill.

_____
Foreman

Filed in open court this  20  day of NOVEMBER 2008

_____
Clerk

Bail, $  No bail warrant – each defendant

| DOCUMENT NO. | CSA's INITIALS |
|---|---|
| 1 | c |

DISTRICT COURT
CRIMINAL CASE PROCESSING

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

FILED
08 NOV 20 PM 3:50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED

Violations: (a) 18 USC 1341 – mail fraud (Counts 1-6, 8, 9)
(b) 18 USC 1343 – wire fraud (Counts 7, 10, 11)
(c) 18 USC 1957 – engaging in monetary transactions in criminally derived property (Count 12)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:**
Counts 1-11: 20 yrs' imprisonment, 3 yrs' supervised release, fine of $250,000 or twice gross loss, $100 special assessment; Count 12: 10 yrs' imprisonment, 3 yrs' supervised release, fine of $250,00 or twice amount involved in transaction, $100 special assessment.

**DEFENDANT - U.S.**
▶ MICHAEL WARE

**DISTRICT COURT NUMBER**
CR 08 0845

RMW
HRL

### PROCEEDING

Name of Complainant Agency, or Person (&Title, if any)

FBI and IRS-CI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM
**JOSEPH P. RUSSONIELLO**
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned) Tracie L. Brown and Jeffrey R. Finigan, AUSAs

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

AO 257 (Rev. 6/78)

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT | | Submit by Email |

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA

FILED
08 NOV 20 PM 3:50
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

— OFFENSE CHARGED —

Violations: (a) 18 USC 1341 – mail fraud (Counts 1-6, 8, 9)
(b) 18 USC 1343 – wire fraud (Counts 7, 10, 11)
(c) 18 USC 1957 – engaging in monetary transactions in criminally derived property (Count 12)

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY:
Counts 1-11: 20 yrs' imprisonment, 3 yrs' supervised release, fine of $250,000 or twice gross loss, $100 special assessment; Count 12: 10 yrs' imprisonment, 3 yrs' supervised release, fine of $250,00 or twice amount involved in transaction, $100 special assessment.

— DEFENDANT - U.S. —
▶ PATRICIA MORGEN

DISTRICT COURT NUMBER
CR 08 0845 CRB RMW HRL

— DEFENDANT —

IS **NOT** IN CUSTODY
1) ☒ Has not been arrested, pending outcome of this proceeding.
   If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

— PROCEEDING —
Name of Complaintant Agency, or Person (&Title, if any)

FBI and IRS-CI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   ☐ U.S. Att'y ☐ Defense

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Has detainer been filed? ☐ Yes ☐ No  } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED ▶  Month/Day/Year
TO U.S. CUSTODY

Name and Office of Person Furnishing Information on THIS FORM  JOSEPH P. RUSSONIELLO
☒ U.S. Att'y ☐ Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned)  Tracie L. Brown and Jeffrey R. Finigan, AUSAs

☐ This report amends AO 257 previously submitted

— ADDITIONAL INFORMATION OR COMMENTS —

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT  Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:

Before Judge:

Comments:

JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

FILED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: |
| Plaintiff, | VIOLATIONS: 18 U.S.C. § 1341 – Mail Fraud; 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 1957 – Engaging in Monetary Transactions in Criminally Derived Property; 18 U.S.C. § 2 – Aiding and Abetting |
| v. | |
| PATRICIA MORGEN and MICHAEL WARE, | |
| Defendants. | |

## INDICTMENT

The Grand Jury charges:

## BACKGROUND

At all times relevant to this Indictment:

1. Chicago Development and Planning ("Chicago D&P") was a company with offices in Emeryville, California, and Reno, Nevada.

2. Patricia MORGEN was the founder of and controlled Chicago D&P.

3. Michael WARE was a close friend of MORGEN's son. WARE was the head of a Chicago D&P affiliate known as Oroshima.

INDICTMENT

1  rentals.

2  8.  It was further part of the scheme to defraud investors that MORGEN did not use all of the investors' money in connection with real estate transactions, as she represented she would. Instead, she used investors' money for other purposes, such as to cover her personal expenses and to pay earlier investors their promised "profit" payments.

9.  It was further part of the scheme to defraud investors that in some instances, investors wired funds directly to one of Chicago D&P's accounts, purportedly to facilitate real estate transactions.

10. It was further part of the scheme to defraud investors that Chicago D&P sent "profit" payments to investors via U.S. Mail or interstate commercial carriers, such as Federal Express or California Overnight.

11. It was further part of the scheme to defraud investors that Chicago D&P sent periodic statements to investors regarding the status of their investments via U.S. Mail.

COUNTS ONE THROUGH SIX: (18 U.S.C. § 1341 - Mail Fraud)

12. Paragraphs 1 through 11 are realleged as if fully set forth herein.

13. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the material scheme to defraud investors and to obtain money by materially false and fraudulent pretenses, representations, promises, and omissions, the defendant,

PATRICIA MORGEN,

did knowingly cause to be deposited the following items to be sent and delivered by the United States Postal Service, and private and commercial interstate carriers:

///
///
///
///
///

INDICTMENT            3

4. Chicago D&P represented to potential investors that its business involved purchasing real property, improving it, and then selling or renting it at a profit.

5. Chicago D&P engaged in two related schemes to defraud: (1) A scheme to defraud investors, and (2) a scheme to defraud a mortgage broker and lenders.

THE SCHEME TO DEFRAUD INVESTORS

6. Beginning at a time unknown to the grand jury, but no later than in or about January 2000 and continuing through about May 2004, in the Northern District of California and elsewhere, the defendant,

PATRICIA MORGEN,

did knowingly and intentionally devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, knowing that the pretenses, representations, promises, and omissions were false and fraudulent when made.

MANNER AND MEANS OF THE SCHEME TO DEFRAUD INVESTORS

7. As part of the scheme to defraud investors, and in order to induce investors to give money to Chicago D&P, MORGEN engaged in certain conduct and made certain material false representations, promises, and omissions, including, but not limited to, the following:

    a. MORGEN represented to potential investors that Chicago D&P's business involved "pooling" money from investors to purchase real property, improve the real property, and then sell or rent the real property at a profit.

    b. MORGEN represented to potential investors that Chicago D&P would share with them the profits from its real estate sales or rentals, and that investors would thereby earn high rates of return on their investment.

    c. MORGEN failed to disclose to investors that most of the properties purchased by Chicago D&P were heavily mortgaged, and that many of the properties were occupied, rent-free, by employees of Chicago D&P or its affiliates.

    d. MORGEN failed to disclose to investors that their promised "profit" payments were largely funded by other investors' money, not by actual real estate purchases, sales, or

INDICTMENT 2

| Count | Approx. Date | Description of Mailing | From | To |
|---|---|---|---|---|
| ONE | 4/1/04 | "profit" payment check for $3,600; check no. 5828 | Chicago D&P | Investor A |
| TWO | 4/16/04 | "profit" payment check for $3,555; check no. 6198 | Chicago D&P | Investor A |
| THREE | 2/13/04 | "profit" payment check for $6,300; check no. 5221 | Chicago D&P | Investor B |
| FOUR | 11/20/03 | "profit" payment check for $2,650; check no. 3024 | Chicago D&P | Investor C |
| FIVE | 4/1/04 | Investor Lender Statement on Account no. 100-418 | Chicago D&P | Investor D |
| SIX | 4/5/04 | Investor Lender Statement on Account no. 100-218 | Chicago D&P | Investor D |

All in violation of Title 18, United States Code, Section 1341.

COUNT SEVEN: (18 U.S.C. § 1343 - Wire Fraud)

14. Paragraphs 1 through 11 are realleged as if fully set forth herein.

15. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the material scheme to defraud investors and to obtain money by materially false and fraudulent pretenses, representations, promises, and omissions, the defendant,

PATRICIA MORGEN,

did knowingly transmit and cause to be transmitted the following wire communication in interstate and foreign commerce:

| Count | Approx. Date | Description of Wire | From | To |
|---|---|---|---|---|
| SEVEN | 3/26/04 | wire transfer of $80,000 from Investor E to Chicago D&P | Washington Mutual Bank; Stockton, CA | Bank of America; San Leandro, CA (via East Rutherford, NJ) |

All in violation of Title 18, United States Code, Section 1343.

///

INDICTMENT 4

## THE SCHEME TO DEFRAUD A MORTGAGE BROKER AND LENDERS

16. Beginning at a time unknown to the grand jury, but no later than in or about November 2000 and continuing through about April 2004, in the Northern District of California and elsewhere, the defendants,

PATRICIA MORGEN, and
MICHAEL WARE,

did knowingly and intentionally devise a scheme and artifice to defraud a mortgage broker and lenders as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions, knowing that the pretenses, representations, promises, and omissions were false and fraudulent when made.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD A MORTGAGE BROKER AND LENDERS

17. Beginning no later than November 2000, MORGEN solicited investors to permit Chicago D&P to purchase real estate in the investors' names, using the investors' credit. MORGEN represented to investors that Chicago D&P would purchase real estate in the investors' names, but Chicago D&P would make all necessary payments to service the mortgage. MORGEN further represented to investors that, in exchange for letting Chicago D&P use their names and credit, the investors would receive the following: (1) an up-front fee; (2) a monthly fee; (3) the tax benefits of owning the property without having to pay the mortgage; and (4) a share in the profits when the property was sold. MORGEN further represented to the investors that Chicago D&P would manage the property.

18. Once investors agreed to allow Chicago D&P to purchase real estate in their names, MORGEN sought financing for the purchase of the properties through a mortgage broker. As part of the scheme, MORGEN required the mortgage broker to enter into an agreement whereby the mortgage broker would receive a 1% commission on any real estate purchase and then subsequently split that 1% commission 50/50 with Chicago D&P.

19. As a further part of the scheme, MORGEN and WARE structured some of the real estate transactions in a manner so that Chicago D&P or one of its affiliates received cash at the

INDICTMENT 5

close of escrow.

20. As a further part of the scheme to defraud the mortgage broker and lenders, and in order to obtain money from the mortgage broker and lenders, MORGEN and WARE engaged in certain conduct and made certain material false representations, promises, and omissions, including, but not limited to, creating false documents about the investors and submitting those false documents to the mortgage broker with the intent of misleading the mortgage broker and the mortgage lenders from whom the broker was seeking financing. MORGEN and WARE knew that the mortgage broker would then submit the false documents to prospective lenders. For instance, MORGEN and WARE created false W-2 forms to make it appear as if investors were employed by an entity called California D&P and earning significant salaries when, in fact, MORGEN and WARE knew that none of the investors were employed by California D&P and did not earn any income from California D&P. MORGEN and WARE also created false account statements in investors' names to make it appear as if investors possessed assets in the form of significant balances with financial institutions when, in fact, MORGEN and WARE knew the investors did not possess such assets. In addition, in some instances, Chicago D&P obtained financing to purchase property based upon an appraisal of the property's value that was above the seller's asking price by including the value of improvements Chicago D&P represented it intended to perform to the property.

21. Upon receiving loan applications from the mortgage broker, and relying on the fraudulent documents and representations supplied by MORGEN and WARE, several mortgage lenders provided financing for Chicago D&P's purchase of real estate in investors' names, including the two pieces of real estate described as follows:

a. On or about November 17, 2003, MORGEN and WARE caused the property located at 460 Mountain Boulevard, Oakland, California, to be purchased in the name of Investor F. The purchase was funded by a loan in the amount of $1,169,900 from National City Mortgage.

b. On or about April 9, 2004, MORGEN and WARE caused the property located at 6363 Christie Avenue, #2126, Emeryville, California, to be purchased in Investor G's name.

INDICTMENT 6

The purchase was funded by a loan in the amount of $629,100 from Greenpoint Mortgage Funding, Inc.

COUNTS EIGHT AND NINE: (18 U.S.C. §§ 1341 and 2 - Mail Fraud; Aiding and Abetting)

22. Paragraphs 1 through 6, and 16 through 21, of this Indictment are realleged as if fully set forth herein.

23. On or about the dates set forth below, in the Northern District of California and elsewhere, for the purpose of executing the material scheme to defraud a mortgage broker and lenders and to obtain money by materially false and fraudulent pretenses, representations, promises, and omissions, the defendants,

PATRICIA MORGEN and
MICHAEL WARE,

did knowingly cause to be deposited the following items to be sent and delivered by the United States Postal Service, and private and commercial interstate carrier, and did aid and abet the same:

| Count | Approx. Date | Description of Mailing | From | To |
|---|---|---|---|---|
| EIGHT | 12/1/03 | a $4,980 check splitting mortgage broker's commission relating to the purchase of 460 Mountain Blvd. | Mortgage broker | Chicago D&P |
| NINE | 4/15/04 | a RESPA Settlement Statement, a check, and a Certified Copy of a Grant Deed relating to the purchase of 6363 Christie Avenue, #2126 | Chicago Title Company | Chicago D&P |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNTS TEN AND ELEVEN: (18 U.S.C. §§ 1343 and 2 - Wire Fraud; Aiding and Abetting)

24. Paragraphs 1 through 6, and 16 through 21, of this Indictment are realleged as if fully set forth herein.

25. On or about the dates set forth below, in the Northern District of California and

INDICTMENT 7

elsewhere, for the purpose of executing the material scheme to defraud a mortgage broker and lenders and to obtain money by materially false and fraudulent pretenses, representations, promises, and omissions, the defendants,

PATRICIA MORGEN, and<br>
MICHAEL WARE,

did knowingly transmit and cause to be transmitted the following wire communications in interstate and foreign commerce, and did aid and abet the same:

| Count | Approx. Date | Description of Wire | From | To |
|---|---|---|---|---|
| TEN | 11/21/03 | wire transfer of $241,000 to Oroshima (Chicago D&P affiliate) from Western Title at close of escrow on the purchase of 460 Mountain Blvd. | Nevada State Bank; Reno, NV | Bank of America; Richmond, CA |
| ELEVEN | 4/15/04 | wire of $192,947.86 to pay off the seller's mortgage on 6363 Christie Avenue, #2126 | Comerica Bank; San Jose, California | National City Bank; Cleveland, Ohio |

All in violation of Title 18, United States Code, Sections 1343 and 2.

COUNT TWELVE: (18 U.S.C. §§ 1957 and 2 - Engaging in Monetary Transactions in Criminally Derived Property; Aiding and Abetting)

26. Paragraphs 1 through 6, 16 through 21, and 25, of this Indictment are realleged as if fully set forth herein.

27. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

PATRICIA MORGEN and<br>
MICHAEL WARE,

did knowingly engage in monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000, and that was derived from specified unlawful activity, namely, wire fraud, as alleged in Count Ten, above, a violation of Title 18, United States Code, Section 1343, and did aid and abet the same, as follows:

INDICTMENT 8

| Count | Approx. Date | Description of Transaction |
|---|---|---|
| TWELVE | 11/21/03 | $236,000 wire from Oroshima's Bank of America account #XXXXX-15344 to Chicago D&P's Bank of America account #XXXXX-13935 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

Dated: 11-20-08

A TRUE BILL.

*/s/*
FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

*/s/*
BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form: */s/* )
AUSAs BROWN & FINIGAN

9